IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00148-PAB-MJW


CHINOU VUE,

Plaintiff,
v.

MELISSA HARMON (Individual Capacity), Acting Broomfield Nurse,
JANE DOE (Individual Capacity), Acting Broomfield Nursing Director,
CHRISTOPHER TERRY (Individual Capacity), Acting Broomfield Sargeant, and
THOMAS C. DELAND (Individual Capacity), Acting Broomfiled Police Chief;

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR JUDGEMENT [sic] BY DEFAULT
(Docket No. 54)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


        This case is before this court pursuant to a General Order of Reference to

United States Magistrate Judge (Including Dispositive Motions) issued by former Chief

Judge Edward W. Nottingham on June 26, 2008.  (Docket No. 18).  The case was

reassigned to District Judge Philip A. Brimmer on October 31, 2008.  (Docket No. 35).

        Now before the court for a report and recommendation is the pro se plaintiff's

Motion for Judgement [sic] by Default (Docket No. 54).  Upon review of the motion, the

court's file, the docket, and pertinent Federal Rules of Civil Procedure and case law, this

court finds that the plaintiff's motion is without factual foundation, is totally frivolous, and

should be denied.

Plaintiff alleges the following in his motion.  He states that the complaint in this case was filed on May 12, 2008, the summons and complaint were duly served on defendants Mellisa [sic] Harmon, Jane Doe, Christopher Terry, and Thomas Deland on June 7, 2008, yet no answer or other defense has been filed by defendant Harmon and Jane Doe.  In addition, he contends that defendants Terry and Deland failed to file an answer and that default was entered in the civil docket on January 23, 2009.

The court's docket, however, reflects the following.  The original complaint was filed on January 23, 2008, and amended complaints were filed on February 29, 2008, and May 22, 2008.[1]  While plaintiff states in his motion that the summons and complaint were served on June 7, 2008, Judge Nottingham's Order Granting Service by United States Marshal was not even entered until June 30, 2008 (Docket No. 19).  Furthermore, there has been no service on defendant Jane Doe because plaintiff has not provided the court with the true name of that defendant.  Plaintiff's claim that Jane Doe has been served is a factual impossibility.  In addition, contrary to plaintiff's assertion, defendant Melissa Harmon has not been served.  The Process Receipt and Return filed on August 4, 2008 (Docket No. 22), states that service was attempted, but Ms. Harmon is no longer employed with Broomfield.  Plaintiff has not provided the court with another address at which service may be attempted on Ms. Harmon.

Defendants Deland and Terry were served on July 31 and July 18, respectively (see Docket No. 21), and they were given an extension of time to answer or otherwise

---

[1]This amended pleading was purportedly mailed by plaintiff on May 12, 2008 (see Docket No. 10 at 10).

respond to on or before September 19, 2008 (see Docket No. 29 Minute Order).  On

September 19, 2008, defendant Deland and Terry filed a Motion to Dismiss.  (Docket

No. 31).  Therefore, they are not in default, and contrary to plaintiff's assertion, a default

has never been entered by the Clerk of Court, let alone on January 23, 2009, as plaintiff

claims.  In fact, there is no docket entry dated January 23, 2009.  This court issued a

Recommendation on the Motion to Dismiss on November 3, 2008 (Docket No. 36),

which is still pending.

Based on the above, plaintiff's motion for judgment by default is totally baseless,

groundless, and frivolous and should be denied.

Plaintiff is hereby placed on notice of the provisions of Federal Rule of Civil

Procedure 11.  That rule provides in pertinent part that "[b]y presenting to the court a . . .

written motion . . . an . . . unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted

by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law; [and] (3) the factual contentions have

evidentiary support . . . ."  Fed. R. Civ. P. 11(b).  Sanctions may very well be imposed if

plaintiff files similar factually baseless arguments.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Motion for Judgement [sic] by Default (Docket

No. 54) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  February 20, 2009           <u>s/ Michael J. Watanabe</u>
      Denver, Colorado           Michael J. Watanabe
                                   United States Magistrate Judge