IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00148-PAB-MJW

CHINOU VUE,

Plaintiff,
v.

MELISSA HARMON (Individual Capacity), Acting Broomfield Nurse,
JANE DOE (Individual Capacity), Acting Broomfield Nursing Director,
CHRISTOPHER TERRY (Individual Capacity), Acting Broomfield Sargeant, and
THOMAS C. DELAND (Individual Capacity), Acting Broomfiled Police Chief;

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND U.S.C. 1983 CIVIL RIGHTS ACTION
(Docket No. 64)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by former Chief Judge Edward W. Nottingham on June 26, 2008.  (Docket No. 18).  The case was reassigned to District Judge Philip A. Brimmer on October 31, 2008.  (Docket No. 35).

Now before the court for a report and recommendation is the pro se plaintiff's Motion to Amend U.S.C. 1983 Civil Rights Action (Docket No. 64).  Defendants have filed a response to the motion.  (Docket No. 67).  Upon review of the motion, the response thereto, the court's file, the docket, and pertinent Federal Rules of Civil

2

Procedure and case law, this court recommends that the plaintiff's motion be granted in part and denied in part.

In the motion now before the court, the pro se plaintiff seeks an order from the court allowing him "to amend his U.S.C. 1983 civil rights complaint action, or to dismiss this action without prejudice so that the plaintiff may litigate this action in the state courts, or to file at a later time . . . ."  (Docket No. 64 at 2).  Plaintiff asks the court to grant the motion in order for him "to also litigate this matter in a state 'tort' claim."  (Docket No. 64 at 2).  He states that he is close to "going home and wants to pursue this matter with an attorney."  (Docket No. 64 at 2).  He also asks to amend his complaint "to discuss or/and to identify all facts in the U.S.C. 1983 Civil Rights Complaint, and as a matter of law to restate a claim for relief, or to otherwise make a proper U.S.C. 1983 Civil Rights Complaint."  (Docket No. 64 at 3).  In addition, plaintiff asks the court to grant his motion because he cannot obtain the names and addresses of the defendants and needs time to locate them to file a proper § 1983 complaint and a state claim for medical malpractice.  He further states:

> defendant Thomas C. Deland is not a properly named defendant, and would like to find the properly named defendant, "Male pod Officer", John Doe, (Note) the male pod officer will be refered to as "John Doe" from this point on.  The Plaintiff does not have the real names and addresses of the defendants, John Doe, Jane Doe, and Melissa Harmon in which to be served properly and would like a chance to amend his complaint or dismiss this action without prejudice so he may obtain this information to file at a later time.

(Docket No. 64 at 4-5).

In their response in opposition to the plaintiff's motion, defendants Christopher Terry and Thomas C. Deland assert that the plaintiff's request to amend his claims for

3

the third time and his alternative request for dismissal without prejudice should be denied. They detail the procedural history of this case, noting that the plaintiff has been given two previous opportunities to correct the deficiencies in his claims, and despite two prior amendments, he has thus failed to do so. In addition, these defendants assert that the motion contains no explanation of how a proposed amendment could correct the deficiencies with his claims. Furthermore, they contend that plaintiff's proposed amendment would be futile, noting that plaintiff seeks leave to amend only after being confronted with a recommendation issued by this court (Docket No. 36) that this action be dismissed as against them.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). Here, this court recommends that the motion to amend be denied. As the responding defendants correctly assert, the plaintiff's motion provides no explanation of what new information he can allege against either of them that would salvage his claims from dismissal, and, in fact, he does not describe the nature of the proposed amendments at all and instead simply states that he wants to amend to "restate a claim for relief" or to "otherwise make a proper" § 1983 claim. (Docket No. 64 at 3). Furthermore, plaintiff has already been given ample opportunity to cure the deficiencies in his pleadings and has yet to do so. Also, with regard to defendant Deland, plaintiff concedes that Deland is not a properly-

4

named defendant, so any amendment as to Deland would be futile.

In addition, the court stands by its previous report and recommendation issued on November 3, 2008 (Docket No. 36), in which it is recommended that Defendants Terry and Deland's Motion to Dismiss (Docket No. 31) be granted. Such dismissal should be with prejudice. With regard to the plaintiff's claims against the remaining defendants, Melissa Harmon[1] and Jane Doe, it is recommended that the plaintiff be permitted to dismiss such claims without prejudice because those defendants have not yet been served.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Motion to Amend U.S.C. 1983 Civil Rights Action (Docket No. 64) be granted in part and denied in part. More specifically, it is recommended that the plaintiff's request to amend his complaint be denied, that the claims against defendants Deland and Terry be dismissed with prejudice, and that the claims against the remaining, unserved defendants be dismissed without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

---

[1]The U.S. Marshal Process receipt and Return form with respect to Melissa Harmon states that service was attempted, but Ms. Harmon was no longer employed at Broomfield County Detention Center. (Docket No. 22).

5

**Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  June 11, 2009                                      s/ Michael J. Watanabe
       Denver, Colorado                              Michael J. Watanabe
                                                         United States Magistrate Judge