IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00148-PAB-MJW

CHINOU VUE,

    Plaintiff,

v.

MELISSA HARMON (individual capacity), Acting Broomfield Nurse,
JANE DOE (individual capacity), Acting Broomfield Nursing Director,
CHRISTOPHER TERRY (individual capacity), Acting Broomfield Sergeant, and
THOMAS C. DELAND (individual capacity), Acting Broomfield Police Chief,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on defendants Terry and Deland's Motion to Dismiss [Docket No. 31], plaintiff's Motion for Judgement by Default [Docket No. 54], plaintiff's Motion to Amend U.S.C. 1983 Civil Rights Action [Docket No. 64], and plaintiff's Temporary Stay and Limited Remand [Docket No. 84].

Because Mr. Vue is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**A. Background**

The facts are set forth in plaintiff's amended complaint [Docket No. 10]. For purposes of analyzing the motion to dismiss, the Court must accept all well-pled facts as true and resolve reasonable inferences in the plaintiff's favor. *Morse v. Regents of the University of Colorado*, 154 F.3d 1124, 1126 (10th Cir. 1998). However, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

Plaintiff alleges that, while he was in the Broomfield County Jail in March or April 2006, he was taken to "medical" based on his complaints of drainage from his right ear. Nurse Melissa Harmon tried to clear wax from his ear with a "Q-tip with a wooden stick." Plaintiff felt a pop when Harmon pushed the Q-tip in too deep and thereafter plaintiff's ear started to bleed. The bleeding continued for four days. Plaintiff wrote to defendant Christopher Terry, the acting Broomfield County Jail sergeant, and defendant Thomas Deland, the acting Broomfield police chief, who did not respond. The plaintiff now has virtually no hearing in his right ear.

Plaintiff raises two claims for relief. First, that Harmon damaged the plaintiff's right eardrum and then she and nurse Jane Doe failed to follow-up with medical treatment to remedy the damage in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Second, that plaintiff notified defendants Terry and Deland of plaintiff's medical problems but Terry and Deland "maliciously with evil intent" ignored plaintiff's medical problems, which constitutes deliberate indifference under the Eighth Amendment.

**B.  Defendants Terry and Deland's Motion to Dismiss**

Plaintiff did not initially respond to defendants Terry and Deland's motion to dismiss.  On November 3, 2008, United States Magistrate Judge Michael Watanabe filed a Recommendation on Defendants Terry and Deland's Motion to Dismiss [Docket No. 36] ("the Recommendation") in which he recommended that the Court grant the motion to dismiss for, among other reasons, plaintiff's failure to allege that Terry and Deland personally participated in any decision regarding plaintiff's medical care and the fact that Terry and Deland cannot be held liable on the basis of respondeat superior.

Plaintiff filed two objections to the Recommendation.  On January 22, 2009, plaintiff filed an objection, which, as defendants Terry and Deland correctly note, *see* Docket No. 47 at 2, simply reiterates the general allegations in the amended complaint.  On May 14, 2009, plaintiff filed an out-of-time objection [Docket No. 65] to the Recommendation.  Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*.  Fed. R. Civ. P. 72(b). Despite plaintiff's May 2009 objection being filed late, the Court will consider it.  The Court has applied a *de novo* review to each part of the Recommendation and to each part of the other recommendations discussed in this Order.

In a pleading filed on the same day that he filed his second objection, plaintiff admits that Deland "is not a properly named defendant."  Motion to Amend U.S.C. 1983 Civil Rights Action [Docket No. 64], at 4.  The Court agrees with the conclusions of law in the Recommendation regarding defendant Deland and grants the motion to dismiss regarding the claim against him.

As to defendant Terry, the plaintiff's second objection claims that Terry "personally participated" in the violation of his Eighth Amendment rights, did not "apply in a good faith effort to maintain or cure any or all medical care" to the plaintiff, and, despite knowledge of plaintiff's condition, "ignored the situation and did not respond in a reasonable manner." Docket No. 65 at 2, 4. These allegations do not respond to the Recommendation with any new facts or new arguments. The Court rejects these allegations for the same reasons contained the Recommendation. Similarly, the Court rejects plaintiff's new argument that defendant Terry was deliberately indifferent to him under the Eighth Amendment "by depriving him his right to safe conditions in prison/jail." *Id.* at 3. Although framed in terms of a right to "safe conditions," this argument is no different than the deliberate indifference argument considered and rejected in the Recommendation.

The plaintiff also raises new factual allegations in his second objection. He claims that Terry "deliberately neglected and denied" the plaintiff's medical condition when plaintiff "repeatedly knocked on the cell door to ask if he may talk to defendant Christopher Terry" about his medical problem. Docket No. 65 at 2. Plaintiff alleges that "Terry stated to the plaintiff, 'to get off his door and write a sick call.'" *Id.* at 3. As an initial matter, the Court rejects such allegations because plaintiff raises them for the first time in his objection. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived). Alternatively, these additional allegations do not overcome the legal deficiency discussed in the Recommendation that Terry cannot be held liable simply because he was notified of plaintiff's medical problem. *See Crowder v. Lash*,

4

687 F.2d 996, 1006 (7th Cir. 1982) (mere notification insufficient to establish Section 1983 liability).  The additional allegations do not suggest that Terry had any involvement in decisions regarding plaintiff's medical care or was aware of the seriousness of plaintiff's medical condition.  Moreover, even if these allegations are read liberally, the allegations do not suggest that Terry prevented plaintiff from getting followup medical treatment, especially since plaintiff alleges that Terry told plaintiff to "write a sick call."  At most, the new allegations could be read to suggest that Terry delayed the plaintiff from receiving followup treatment.  However, a delay in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (citing *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999)).  Plaintiff has made only inadequate, conclusory allegations that the lack of care following the initial injury caused him further injury and no allegations regarding how Terry caused him "substantial harm."  As a result, even if the Court allowed plaintiff to amend the complaint, the new allegations contained in the plaintiff's second objection are insufficient to state a claim against defendant Terry under the Eighth Amendment.  Thus, the Court accepts the Recommendation and rejects the arguments raised in plaintiff's objections.

**C.  Plaintiff's Motion for Default Judgment**

On February 19, 2009, plaintiff filed his Motion for Judgement by Default [Docket No. 54] seeking entry of default judgment against Melissa Harmon, Jane Doe, Christopher Terry, and Thomas Deland.  In a Recommendation [Docket No. 56] dated February 20, 2009, Magistrate Judge Watanabe recommended that the Court deny this

motion. The Recommendation notes that defendants Terry and Deland were not obligated to file an answer to the amended complaint because they filed a motion to dismiss. The Recommendation also points out that the Jane Doe defendant could not have been served since her identify is not known to plaintiff and that service has not been made on defendant Harmon, who is apparently no longer employed at the Broomfield County Jail.

Plaintiff filed a motion for extension of time to respond to the Recommendation, but, despite many months passing, has filed no objection. In his later filed motion to amend, plaintiff acknowledges that he "does not have the real names and addresses of the defendants . . . Jane Doe, and Melissa Harmon in which to be served properly." Docket No. 64 at 4. The Court has reviewed the Recommendation de novo and agrees that there are no proper grounds for the motion for default judgment. The Court accepts the Recommendation.

### D. Plaintiff's Motion to Amend

On May 14, 2009, Mr. Vue filed a Motion to Amend U.S.C. 1983 Civil Rights Action [Docket No. 64], wherein he asks that the Court either grant him leave to amend his complaint or to dismiss the action without prejudice. He explains that he "is close to going home" and wishes to pursue this matter with an attorney. Docket No. 64 at 2. Defendants Terry and Deland filed a response to the motion to amend [Docket No. 67], objecting either to allowing plaintiff to amend or to dismissing his claims against them without prejudice. On June 11, 2009, Magistrate Judge Watanabe filed a Recommendation [Docket No. 68], where he recommended that the motion to amend be granted in part and denied in part. He recommended that plaintiff's claims against

Deland, who plaintiff admitted was not a proper party, be dismissed with prejudice and that the claims against Terry be dismissed with prejudice given that plaintiff had ample opportunity to cure the deficiencies in such claim but has neither done so nor identified how such deficiencies would be cured in an amended pleading.  Magistrate Judge Watanabe recommended that plaintiff's claims against Harmon and Jane Doe be dismissed without prejudice.

On October 2, 2009, the plaintiff filed his Responses to Defendants Motion and Recommendations [Docket No. 76], which reiterates his request to amend the complaint (albeit in an unspecified way) or have his case dismissed without prejudice. Defendants Terry and Deland filed a response [Docket No. 80] opposing his requests.

The Court agrees with the Recommendation.  Plaintiff has had more than enough time to address the problems with his claim against Terry.  For instance, seven months have passed since he filed the motion to amend, and yet plaintiff has failed to indicate how an amendment would cure such deficiencies.  Thus, the Court concludes that any attempt to amend the complaint to state a claim against defendant Terry would be futile.  Plaintiff does not object to the recommendation to dismiss his claims against Deland with prejudice.  Finally, the Court will grant plaintiff's request to dismiss his claims against Harmon and Jane Doe, who have not yet been served, without prejudice.

In light of the Court's ruling on plaintiff's motion to amend, the Court denies plaintiff's Temporary Stay and Limited Remand [Docket No. 84] as moot.

**E.  Conclusion**

In light of the foregoing, it is

ORDERED that the Recommendation on Defendants Terry and Deland's Motion to Dismiss [Docket No. 36] is accepted, plaintiff's objections are overruled, and Defendants Terry and Deland's Motion to Dismiss [Docket No. 31] is granted. Plaintiff's claims against defendants Christopher Terry and Thomas Deland are dismissed with prejudice. It is further

ORDERED that the Recommendation [Docket No. 56] on plaintiff's Motion for Judgement by Default [Docket No. 54] is accepted and plaintiff's motion for default judgment [Docket No. 54] is denied. It is further

ORDERED that the Recommendation [Docket No. 68] on plaintiff's Motion to Amend U.S.C. 1983 Civil Rights Action [Docket No. 64] is accepted, plaintiff's objections overruled, and plaintiff's Motion to Amend U.S.C. 1983 Civil Rights Action [Docket No. 64] is granted in part and denied in part. Plaintiff's request to amend his claims against defendant Christopher Terry is denied. Plaintiff's request for the Court to dismiss his claims against defendants Melissa Harmon and Jane Doe is granted. Plaintiff's claims against Melissa Harmon and Jane Doe will be dismissed without prejudice. It is further

ORDERED that plaintiff's Temporary Stay and Limited Remand [Docket No. 84] is denied as moot. It is further

ORDERED that all other pending motions are denied as moot.

DATED December 18, 2009.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge